# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Newport News Division



FILED

MAY 26 2011

CLERK, US DISTRICT COURT
NEWPORT NEWS,

UNITED STATES OF AMERICA

v.

SAMUEL MANNING

Defendant.

Case Number: 4:07cr00081-001

USM Number: 57039-083

Defendant's Attorney: Jon Babineau, Esquire and
Lawrence Woodward, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2 and 3 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 21 U.S.C. § 846 | Conspiracy to Distribute Cocaine Base also know as "Crack" | Felony | March 2005 | 1 |
| T. 18 U.S.C. § 924(c) and 924(j) | Use of Firearm in Furtherance of Drug Crime Causing Death of Another | Felony | March 26, 2005 | 2 |
| T. 18 U.S.C. § 924(c)(1)(A) | Use of Firearm in Furtherance of Drug Crime | Felony | March 26, 2005 | 3 |

As pronounced on May 24, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 25 day of May, 2011.

/s/ 
Jerome B. Friedman
Senior United States District Judge

**Case Number:** 4:07cr00081001  
**Defendant's Name:** SAMUEL MANNING

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **LIFE Plus THREE HUNDRED (300) MONTHS.**

The term consists of ONE HUNDRED TWENTY (120) MONTHS on Count 1, to be served concurrently with Count 2; a term of LIFE on Count 2; and a term of THREE HUNDRED (300) MONTHS on Count 3, to be served consecutively to the term imposed on Count 2, and to the defendant's imprisonment under his sentence in the Eastern District of Virginia, Newport News Division, Docket No. 4:06cr109-003.

The Court makes the following recommendations to the Bureau of Prisons:

1) The Court recommends that the defendant be incarcerated at a facility as close to Virginia as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

Case Number: 4:07cr00081001
Defendant's Name: SAMUEL MANNING

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of EIGHT (8) YEARS.

The term consists of EIGHT (8) Years on Count 1, a term of FIVE (5) Years on Count 2, and a term of FIVE (5) Years on Count 3, all to run concurrently with each other, and to the defendant's period of supervised release under his sentence in the Eastern District of Virginia, Newport News Division, Docket No. 4:06cr109-003.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 3A - Supervised Release

Page 4 of 6

Case Number:        4:07cr00081001  
Defendant's Name:   SAMUEL MANNING

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The defendant shall pay for the support of his child in the amount ordered by any Division of Child Support Enforcement or court of competent jurisdiction.

Case Number:       4:07cr00081001
Defendant's Name:  SAMUEL MANNING

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $2,072.15 |
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$2,072.15** |

# FINES

No fines have been imposed in this case.

# RESTITUTION

See Restitution Judgment filed on May 24, 2011.

**Defendant's Name:** SAMUEL MANNING  
**Case Number:** 4:07cr00081001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment and restitution ordered and shall notify the court of any change that may need to be made to the payment schedule.

If the defendant does not pay in accordance with the schedule or any amended schedule, then the monetary penalties shall be subject to penalties for delinquency and default.

Since this judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any monetary judgment by the United States.