UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SAMUEL MANNING, )
)
    Movant, )
) Civil No. 4:13-cv-00137-AWA
v. ) Crim No. 4:07-cr-81-JBF-DEM-2
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MOVANT'S AMENDMENT AND CORRECTIONS TO MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES Movant, SAMUEL MANNING ("Manning"), through counsel, and would show as follows:

### I. Relevant Background

On October 3, 2013, Manning timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum of Law in Support ("§ 2255 Motion"). See Docs. 205 & 206.[1]

On July 1, 2014, the Court issued an Order directing the United States Attorney to file a Response to Petitioner's § 2255 motion within sixty (60) days from the date of entry of the Order. See Doc. 209.

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Eastern District of Virginia, Newport News Division, in Criminal No. 4:07-cr-81-JBF-DEM-2, which is immediately followed by the Docket Entry Number.

## II. Rule 15(c) of the Federal Rules of Civil Procedure

Rule 15(c) of the Federal Rules of Civil Procedure ("FRCvP") provides:

> c) Relation Back of Amendments.
>
> 1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . .

See Rule 15(c) FRCvP.

## III. Amendment

A. <u>Counsel's Promise to Present Defense Witnesses to Prove Manning Did Not Commit Smith's Murder</u>

The amendment relates back to Manning's ineffective assistance of counsel claim in his § 2255 Motion. His trial counsel, Lawrence Hunter Woodward ("Woodward"), advised Manning that he had exculpatory evidence that he would present to the jury that showed someone else actually committed the murder who had "equal motive" and "equal opportunity" to do so. At trial, during his opening statement, Woodward stated as follows:

> The other thing that I believe the evidence will show is that there are witnesses that are going to be brought in here that are going to say other people -- another person is the one that shot and killed Mr. Smith and wounded Mr. Sadler. The Court has told you we don't have to prove who did it. We don't have to prove that somebody else did it. But there is evidence that, to be fair, that was given to us by the government that points to other people that had equal motive, equal opportunity, and equal reason to commit this crime.

See Doc. 203 at 9.

However, during the trial, Woodward failed to present any eyewitnesses that testified on Manning's behalf that he did not commit Smith's murder, even though he had eyewitnesses who were willing to testify at trial that someone else committed the murder besides Manning. Those witnesses are included, among others, Antonio Walker and Darryl Locust. Woodward's failure to call these important defense witnesses on behalf of Manning can only be deemed as deficient performance. Had he presented such witnesses before the jury, it could have created a reasonable doubt in the jury's mind, and there is a reasonable probability that the outcome of the trial would have been different.

A juror's impression is fragile. It is shaped by his confidence in counsel's integrity. When counsel promises a witness will testify, the juror expects to hear the testimony. If the promised witness never takes the stand, the juror is left to wonder why. The juror will naturally speculate why the witness backed out, and whether the absence of that witness leaves a gaping hole in the defense theory. Having waited vigilantly for the promised testimony, counting on it to verify the defense theory, the juror may resolve his confusion through negative inferences. In addition to doubting the defense theory, the juror may also doubt the credibility of counsel. By failing to present promised testimony, counsel has broken "a pact between counsel and jury," in which the juror promises to keep an open mind in return for the counsel's submission of proof.

"[C]ounsel failed to present mitigating evidence ... despite defense counsel's opening statement to the jury that several witnesses would testify on Mr. Turner's behalf." *Turner v. Williams*, 35 F.3d 872 (4th Cir. 1994). In *Turner*, the state habeas court held an evidentiary hearing in part to address counsel's failure to put on mitigating evidence. After the hearing, the defendant submitted to the court proposed findings of fact and conclusions of law, wherein he

3

argued that the "broken promises made by Mr. Snook to the jury in his opening statement" were "independently prejudicial." *Id.* at 891. "We cannot but conclude that to promise even a condensed recital of such powerful evidence, and then not produce it, could not be disregarded as harmless. We find it prejudicial as [a] matter of law." *Id.* citing *Anderson v. Butler*, 858 F.2d 16, 19 (1st Cir.1988).

In *Williams v. Woodford*, 859 F. Supp. 2d 1154, 1173 (E.D. Cal. 2012), Chief Judge Kozinski found that the prejudice caused by defense counsel's broken promise to the jury satisfied the *Strickland* standard, and granted habeas relief under AEDPA. There, Williams's counsel had promised in his opening statement that the jury would hear from Williams and two witnesses, Oliphant and Pollard, who would confirm Williams's alibi. *Id.* at 1162. Judge Kozinski stated that "[w]hat fatally undermined Williams's defense were counsel's unfulfilled promises that these witnesses would testify." *Id.* at 1173. Judge Kozinski reasoned that a promise to present a particular piece of testimony creates expectations in jurors' minds:

> By promising the jury that Williams would testify, and would do so as to specific facts, the lawyer raised certain expectations in the jurors' minds, expectations that would count heavily against Williams when they went unfulfilled. The lawyer enumerated the various ways in which Williams would cast doubt on the government's case: He would deny that he committed the crime . . . , While a defendant's denials are not the strongest evidence, the failure to make those denials, when the jury was promised that he would, left the strong inference that everything Williams failed to deny must, in fact, be true.

*Id.* at 1164.

In Ouber v. Guarino, 293 F.3d 19 (1st Cir. 2002), the First Circuit granted the petitioner, who had been charged with drug trafficking, habeas relief under AEDPA. *Id.* at 34–36. In his opening statement, Ouber's counsel framed the case as hinging upon whether Ouber knew that the envelope she had given to a government undercover narcotics agent contained cocaine. *Id.* at

22. There, counsel's failure to present the promised testimony was an "egregious" error that, "but for its commission, a different outcome might well have eventuated." *Id.* at 33–34; see also *Anderson v. Butler*, 858 F.2d 16, 18 (1st Cir. 1988) (finding that counsel was ineffective when he broke a promise he made in his opening statement to present key expert psychiatric witnesses).

The Third Circuit also granted relief using similar reasoning: "The failure of counsel to produce evidence which he promised the jury during his opening statement that he would produce is indeed a damaging failure sufficient of itself to support a claim of ineffectiveness of counsel." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3rd Cir. 1993).

Finally, the Seventh Circuit found that when an attorney fails to produce testimony that he has promised, the damage to a defendant's case is unequivocal:

Promising a particular type of testimony creates an expectation in the minds of jurors, and when defense counsel without explanation fails to keep that promise, the jury may well infer that the testimony would have been adverse to his client and may also question the attorney's credibility. In no sense does it serve the defendant's interests. *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 259 (7th Cir. 2003); see also *Harris v. Reed*, 894 F.2d 871, 879 (7th Cir. 1990) ("When counsel failed to produce the witnesses to support this version, the jury likely concluded that counsel could not live up to the claims made in the opening.").

Therefore, under the *Strickland* standard of ineffective assistance of counsel, deficient performance and prejudice resulting from that deficiency, Woodward's representation was ineffective. See *Strickland v. Washington*, 466 U. S. 668 (1984).

Accordingly, Manning's conviction and sentence should be reversed.

B. Prosecutor's Improper Closing Argument Remark

During his closing argument for the government, Assistant U. S. Attorney Eric M. Hurt ("Hurt"), stated that:

> When you look at and finally decide about the government's witnesses, just remember Antwan Clements. It's not just about getting out of jail. **Think about what he gave up to tell the truth. Because you remember, he has a daughter with Samuel Manning's sister, and to tell the truth cost him his daughter.** So when you ask do we make important decisions based on these individuals? When the important decision is convicting Samuel Manning and Marlon Pettaway, the answer is yes, you do, because that's what the facts demand.

(Emphasis added). See Doc. 203 at 79.

It is clear and obvious that the above prejudicial statement that Hurt stepped over the line in an attempt to bolster his case and the testimony of Clements. As such, the prosecutor made an improper and prejudicial closing argument that denied him a fair trial. It is well-settled that a prosecutor is not entitled to express his personal belief in the credibility of his witnesses. See *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir.1997). "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done . . . He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones." *Berger v. United States*, 295 U.S. 78, 88 (1935). As such, Hurt's comment was certainly a personal comment on the witnesses credibility and was wholly improper. *Id.*

Based on the above, Manning's counsel was ineffective and the prosecutor violated well established law which prejudiced Manning's cause.

Accordingly, Manning's conviction and sentence should be vacated for further proceedings. In the alternative, an evidentiary hearing should be held so that Manning may further prove his grounds, resolve facts is dispute, and expand an incomplete record.

## IV. Corrections

Manning initially filed his § 2255 Motion as a *pro se* litigant. As such, that motion was to be construed liberally. However, since newly retained counsel has taken over his representation, he found several errors in the original § 2255 motion which need to be corrected for the record.

Of major significance is that Manning incorrectly listed his prior acquittal as being in South Carolina. This is incorrect. It should have been listed as being in Newport News, Virginia. See Doc. 206 at 19.

## V. Conclusion

For the above and foregoing reasons, Manning's conviction and sentence should be reversed.

Respectfully submitted,

/s/ D. Craig Hughes
D. CRAIG HUGHES
TBN: 10211025
7322 Southwest Freeway
1 Arena Place, Suite-1100
Houston, Texas 77074
TEL - 713-535-0683
FAX - 713-981-3805
Counsel for Movant
Samuel Manning

## CERTIFICATE OF SERVICE

I hereby certify that on August 13th, 2014, a true and correct copy of the above and foregoing Movant's Amendment and Corrections to Memorandum of Law in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was electronically filed and served on Assistance U. S. Attorney Eric M. Hurt at his email address of record.

/s/ D. Craig Hughes
D. CRAIG HUGHES