IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| SAMUEL MANNING, ) | |
| ) | |
| Movant, ) | |
| ) | Crim. No. 4:07-cr-81 |
| v. ) | Civil No. 4:13-cv-00137 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPLY TO RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES Movant, SAMUEL MANNING ("Manning"), through undersigned counsel, and

Replies to the Response of the United States to his Motion to Vacate, Set Aside, or Correct Sentence

as follows:

## I. RELEVANT BACKGROUND

On October 3, 2013, Manning timely filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support

(§ 2255 Motion). See Docs. 205 & 206.[1]

On July 1, 2014, the Court issued an Order for the government to Respond to Petitioner's §

2255 Motion within sixty (60) days. See Doc. 209.

On August 13, 2014, Manning, through undersigned counsel, filed an Movant's Amendment

and Corrections to Memorandum of Law in Support of Motion under 28 U.S.C § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody. (" 2255 Amendment" ) See Doc.

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the Eastern District of Virginia, Newport News Division, in Criminal Number 4:07-cr-81, which is immediately followed by the docket entry number.

212.

On October 10, 2014, the government filed its Response of the United States to Defendant's

Motion to Vacate, Set Aside, or Correct Sentence ("GR"). See Doc. 219.

## II.   REPLY TO RESPONSE OF THE UNITED STATES

As a preliminary matter, Manning adopts by reference his § 2255 Motion as well as his §

2255 Amendment, in whole. See Docs. 205, 206 & 212.

The GR is divided into four sections: (a) Facts and Procedural History; (b) Legal Standard;

(c) Argument; and (d) Conclusion. Each section also contains subsections. Manning will reply to the

GR sequentially as follows:

(a)   **Facts and Procedural History**

In this section of the GR, the government states that:

In the early 2000s, Samuel Manning was involved in two separate drug trafficking
operations which overlapped for some period of time; one organized by Donald
Smith ("Smith"), and the other organized by Kasine Powers ("Powers"). He was
federally prosecuted for both of these conspiracies.

GR at 1.

Manning takes no exception to the above statement.

(1)   The Smith Conspiracy

In this subsection of the GR, the government describes the Smith Conspiracy. *Id.* Manning

does not refute this subsection, with the exception of the last statement that "the drug debt between

the two remained and served as the motivation for Manning's murder of Smith." GR at 2.  Manning

takes exception to that statement, as there was no evidence presented at trial that the gun fight that

allegedly occurred between him and Smith had anything to do with an alleged drug debt. In fact, in

the gun fight, Manning was shot in the leg before Smith was even hit. As such, Manning was

defending himself when Smith started shooting. See GR at 1-2.

(2)     The Powers Conspiracy

In this subsection, the GR claims that "Manning took Powers's gun and shot and killed Donald Smith in the Majik City Club parking lot." GR at 2. The GR next states that Manning was acquitted of Smith's murder in state court. *Id.* After he was acquitted in state court, the federal system picked up Manning's case and charged him in federal court. *Id.*

Manning takes no exception to this rendering of the facts in the Powers Conspiracy.

(3)     Indictments

This subsection of the GR merely recites the allegations in the Indictment to which Manning pled guilty mainly to Counts 1 and 11, and to the Superseding Indictment. See GR at 2-3.

Manning takes no exception to this subsection of the GR.

(4)     Motion to Dismiss

The GR states that "on May 15, 2008, Manning filed a motion to dismiss the superseding indictment. . ." GR at 3. Ultimately, the Court denied that motion, allowing the government to prosecute Manning for conduct unrelated to the Powers conspiracy. *Id.* The appellate court affirmed the denial of his Manning's Mmotion to Dismiss and he proceeded to trial on February 7, 2011. *Id.*

Manning takes no exception to this subsection of the GR.

(5)     Motion in Limine

The GR in this subsection states that "On January 27, 2011, the government filed a motion in *limine* for leave to introduce statements contained in Manning's Statement of Facts (4:06cr109), should he attempt to offer evidence prohibited by his plea agreement." GR at 4. The Court granted that motion prior to the beginning of trial. Manning takes no exception to this subsection of the GR.

3

(6)   Conviction and Appeal

This subsection of the GR accurately states that Manning was convicted at trial and that his conviction and sentence were affirmed. See GR. at 4-5. Manning takes no exception to this subsection of the GR.

(7)   Motion to Vacate, Set Aside, or Correct Sentence

In this subsection of the GR, the government accurately states the date and grounds that Manning raised in his initial § 2255 Motion, and in his § 2255 Amendment. See GR at 5. The GR opines that "It clearly appears that Manning is not entitled to the relief he seeks, and the amended motion is not timely and therefore cannot be accepted. The Court should dismiss the petition without an evidentiary hearing." GR at 5.

Manning replies that, as will be shown below, he is entitled to the relief he seeks, and that the amended motion is timely and should be ruled on the merits.

(b)   **Legal Standard**

In this section of the GR, the government merely sets forth the legal standard regarding § 2255 motions. See GR at 5-6. The GR states the constitutional standard required to be successful on a claim of ineffective assistance of counsel. See GR at 6-7. Finally, the GR states the standard of cause and prejudice for issues not raised on direct appeal. GR at 7. Manning does not take exception to this section.

(c)   **Argument**

In this section of the GR, the government states the claims raised by Manning in his § 2255 Motion. GR at 7.  Manning takes no except to this part of the GR.

4

The government opines that because "Manning failed to raise these issues on direct appeal, he has procedurally defaulted those claims here as he has offered no 'cause' or 'prejudice' for his failure to raise them on appeal." GR at 7. Contrary to the government's statement, Manning's § 2255 motion is based on ineffective assistance of counsel. He can excuse a procedural default, cause and prejudice, by establishing ineffective assistance of counsel under the Sixth Amendment. See *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel ... is cause for a procedural default."). As such, Manning's claims are based on ineffective assistance of counsel, which establishes the cause and prejudice in this matter.

(1)    Ineffective Assistance of Counsel

The GR states that "Manning claims his counsel was ineffective for failing to negotiate a better plea agreement and for seeking additional preemptory challenges. These claims find no support in the record before the Court." GR at 8. The government's argument that these claims find no support in the record is exactly the reason why an evidentiary hearing is necessary in this case. Such a hearing would allow Manning to further prove his claims, resolve facts in dispute and to expand an incomplete record. Moreover, claims of ineffective assistance of counsel generally are not cognizable on direct appeal because the record is normally not sufficiently developed. See *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

The GR next states that Manning must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), in order to prevail on his ineffective assistance of counsel claim. See GR at 8. The government opines that Manning "has not adequately addressed either of these two requirements in support of his claim." *Id.* Manning takes exception to the government's opinion in

5

this matter, as he has demonstrated that he has satisfied the two prong test of *Strickland* in his initial

§ 2255 Motion and § 2255 Amendment.  See Docs. 205, 206 & 212.

        (2)    <u>Plea Bargain</u>

In this subsection, the GR states that:

> "Manning alleges that because he relied on his attorney's advice, including the belief
> that Manning's previous acquittal in state court reasonably predicted his acquittal in
> this case, he was not properly warned or made aware of the consequences of losing
> his case. ECF 206 at 17. Manning argues that counsel should have proffered a plea
> bargain with the prosecution which would have avoided a life sentence. *Id.* at 18.
> This claim lacks merit . . . A plea offer was made and he refused it. As such his claim
> fails under both prongs of *Strickland.*

GR at 9.

In this subsection, the government sets forth the plea agreement which it offered Manning.

Pursuant to that agreement, in exchange for his guilty plea to Count 2s of the Superseding

Indictment, the government "would not seek the death penalty in this case", would cap his maximum

penalty at forty (40) years and "would drop the remaining charges." *Id.*  Manning declined the

government's offer because he relied on his attorney's advice that he could win at trial, as he had

previously done in state court.

Contrary to the government's opinion, Manning relies on *Lafler v. Cooper*, 132 S. Ct. 136

(2012). *Lafler* is analogous to Manning's case. In *Lafler,* the defendant shot a woman, striking her

several times below the waist. He was arrested and charged with assault with intent to murder,

possession of a firearm by a felon, and other offenses. The state offered a plea bargain pursuant to

which Cooper could have pled guilty to the assault with intent to murder charge and face a minimum

sentence of fifty-one (51) to eighty-five (85) months in prison.  Although Cooper was inclined to

take the plea, his counsel advised him that, because the victim was injured below the waist, the state

could not establish an element of its case, *i.e.*, intent to murder. Based on his attorney's erroneous advice, Cooper rejected the government's plea offer. He was later convicted at trial and received a sentence of between 185 and 360 months in prison.

As here, the relevant inquiry in *Lafler* was whether counsel's deficient performance affected the outcome of the plea process — the view uniformly applied by the lower courts. In *Lafler*, the Court held that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea offer that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385.

Accordingly, Manning has satisfied the *Lafler* inquiry in this case and his conviction should be vacated so that he may plea anew. In the alternative, an evidentiary hearing should be held so that Manning may further prove his *Lafler* claim, resolve facts in dispute and expand an incomplete record.

(3 & 4)      <u>Motion for Additional Premptory Challenges and Premptory Challenges</u>

The GR states in these subsections that:

> "Manning also claims that his attorney should not have asked for peremptory challenges, but instead should have argued for his right to reveal the previous jury trial which acquitted Manning of Smith's murder. ECF 206 at 19-20. To prevail on his claim, the existence of prejudice must not simply be called into question. There must exist a "probability sufficient to undermine confidence in the outcome." *Roane,* 378 F.3d at 405 (citing *Strickland,* 466 U.S. at 694). Manning argues that it is likely the jury would have exonerated him if they had known he had previously been acquitted of the crime. ECF 206 at 19-20. Other than his conclusory statement, he offers no facts or law to support this claim. As such, it is insufficient to meet the *Strickland* standard."

7

GR at 9-10.

> "Lastly, Manning claims the Court erred in granting his request for additional peremptory challenges. ECF 205, p. 7. Manning failed to raise this claim on appeal and offers no "cause" or "prejudice" for his procedural default as required under *Frady,* 456 U.S. at 167-68. This claim should be denied."

GR at 10.

Contrary to the government's statement above, Manning directs this Court to his § 2255 Motion, as well as his § 2255 Amendment, in which these grounds are adequately and sufficiently addressed and briefed. No further reply is necessary. See Docs. 205 & 206.

(5 & 6) <u>Remaining Claims and The Amended Motion Should Be Denied on Its Merits</u>

In these subsections, the GR opines that "To the extent that Manning seeks to raise additional claims outside of his original Section 2255 petition, the Government submits those claims are untimely and should be denied." GR at 11.

In these two subsections, the government attempts to procedurally time bar Manning from raising his claims in his § 2255 Amendment. The government claims that Manning is time barred from raising his claims in the amendment, both of which are derived from the opening and closing statements (i.e. his attorney made promises in opening statement that he didn't keep, and government improperly bolstered/commented on the credibility of a government witness during closing.[2] Contrary to the government's contention, Manning's remaining claims in the § 2255 Amendment relate back to his claims of ineffective assistance of counsel in his initial § 2255 Motion, and

---

[2]

  It should be noted that Manning made numerous requests of Attorney Babineau well in advance of the one-year deadline that he provide him with the transcripts of the opening statements and closing arguments at trial so that he would have them available while preparing his pro se 2255 motion, and ultimately sought the assistance of the Virginia State Bar with obtaining same. However, those transcripts were not provided to him prior to the expiration of the one-year deadline.

8

therefore, they are not time barred as the government asserts. See Rule 15(c) of the Federal Rules of Civil Procedure ("FRCvP").[3]

The government further asserts that Manning has not requested leave for equitable tolling . GR at 11. Because Manning's claims relate back to his initial § 2255 Motion pursuant to Rule 15(c) FRCvP, equitable tolling is not required in this case. These issues were adequately briefed in Manning's § 2255 Amendment. See Doc. 212.

    (e)    **Conclusion**

The government concludes the GR by stating that "the Court should deny Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255." GR at 14.

Contrary to the government's conclusion, for the above and foregoing reasons, Manning's conviction and sentence should be vacated. In the alternative, it is respectfully requested that the Court grant an evidentiary hearing so that Manning may further prove his meritorious grounds, resolve facts in dispute and expand an incomplete record.

---

[3]

Rule 15(c) of the FRCvP provides:

c)    Relation Back of Amendments.
    1) When an Amendment Relates Back. An amendment to a pleading relates back
to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or
occurrence set out—or attempted to be set out—in
the original pleading . . .

Respectfully submitted,                          Respectfully submitted,

**LAW OFFICES OF D. CRAIG HUGHES**        **LAW OFFICE OF MICHAEL S. DAVIS**

/s/ D. Craig Hughes _____        /s/ Michael S. Davis, Esq _____
D. CRAIG HUGHES                               Michael S. Davis, Esq
TBN: 10211025                                 VSB# 45301
7322 Southwest Freeway, Suite 1100            4445 Corporation Lane, Suite 130-B
Houston, Texas 77074                          Virginia Beach, Virginia 23462
TEL - 713-535-0683                            TEL - 757/721-6453
FAX - 713-981-3805                            FAX - 757/721-6459
dcraighughes@msn.com                          michaelsdavislaw@gmail.com
Counsel for Petitioner                        Local Counsel for the Defendant
Samuel Manning                                Samuel Manning

### III. CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, a true and correct copy of the above and foregoing Reply to the Response of the United States to Defendant's Motion to Vacate, Set Aside, or Correct Sentence was electronically filed and served on Assistant U. S. Attorney Eric M. Hurt, and Assistant U. S. Attorney Brian Samuels at their email addresses of record.

/s/ Michael S. Davis, Esq _____
Michael S. Davis, Esq

10