

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SAMUEL MANNING,
    Petitioner,

v.                                      Criminal No. 4:07cr81

UNITED STATES OF AMERICA,
    Respondent.

## ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 18 U.S.C. § 2255, filed by Petitioner Samuel Manning ("Mr. Manning"). ECF No. 205. Petitioner asserts ineffective assistance of counsel on two grounds. Petitioner also asserts that, in using its discretion, the trial court committed procedural error. For the following reasons, this Motion is **DENIED**.

### FACTUAL AND PROCEDURAL HISTORY

On February 18, 2011, following a seven-day jury trial, Mr. Manning was convicted of three counts of the superseding indictment: Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One), Use of a Firearm in Furtherance of a Drug Crime Causing the Death of Another, in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (Count Two), and Use of a Firearm in Furtherance of a Drug Crime, in violation of 18 U.S.C. § 924(c) (Count Three). ECF No. 160. On May 24, 2011, Mr. Manning was sentenced by this Court to a term of 120 months' imprisonment on Count One, life imprisonment on Count Two, and 300 months' imprisonment on Count Three, all to run concurrently. ECF No. 168.

Mr. Manning timely appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions on January 20, 2012. *United States v. Manning*, 462 Fed. Appx. 345, 2012 WL 165033 (4th Cir. 2012). The United States Supreme Court denied Mr. Manning's petition for writ of *certiorari* on October 1, 2012.

Mr. Manning subsequently filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on October 3, 2013.[1] Mr. Manning makes two claims in support of his Motion. First, Mr. Manning makes a claim of ineffective assistance of counsel. Mr. Manning asserts that his attorney failed to negotiate a plea agreement that would have avoided a life sentence, and that his attorney should not have filed a motion seeking additional peremptory challenges in exchange for Mr. Manning's silence concerning his acquittal for murder in state court (which formed the basis of Count Two of the superseding indictment). Second, Mr. Manning claims that the Court erred in granting the above motion for additional peremptory challenges. ECF No. 206.

On August 13, 2014, through newly appointed counsel, Mr. Manning filed an Amended Memorandum that added the following claims in support of his § 2255 Motion: (1) his attorney erred by failing to present witnesses to testify to Mr. Manning's innocence, as promised in the opening statement to the jury, and (2) the prosecuting attorney inappropriately shared his personal belief regarding a witness's credibility. ECF No. 212.

The Government contends that Mr. Manning's Amended Memorandum is not timely and therefore should not be accepted. The Government further contends that Mr. Manning's § 2255 Motion is meritless, and should be dismissed without an evidentiary hearing. ECF No. 219.

---

[1] Mr. Manning's § 2255 Motion was postmarked September 30, 2013. ECF No. 208. Under the "prisoner mail box rule" a *pro se* defendant's habeas motion is deemed filed when placed into the prison's mail system. Rule 3(d), Fed. R. Governing § 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

## APPLICABLE LEGAL PRINCIPLES

A petitioner collaterally attacking a sentence or conviction bears the burden of proving (1) that the sentence or conviction was imposed in violation of the United States Constitution or federal law, or (2) that the Court was without jurisdiction to impose such a sentence, or (3) that the sentence exceeded the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

A collateral attack under 28 U.S.C. § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. *See e.g., United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains.") (internal quotations marks and citation omitted). A collateral challenge is not intended to serve the same functions as an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1981).

To prevail on an ineffective assistance of counsel claim, Mr. Manning must prove the following: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that but for counsel's unprofessional errors, there was a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The burden is on Mr. Manning, the petitioner, to "identify acts or omissions of counsel" that are alleged to be unreasonable. *Id.* at 690. The objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland*, 466 U.S. at 689; *United States v. Roane*, 378 F.3d 382, 404 (4th Cir.

2004). Attorneys are entitled to a "highly deferential" standard and a "strong presumption" that their strategy and tactics fell "within the wide range of reasonable professional assistance." *Roane*, 378 F.3d at 404-05 (internal quotations omitted).

## ANALYSIS

### A. Mr. Manning's Amended Memorandum

Mr. Manning filed an Amended Memorandum in Support on August 13, 2014, which raised two additional claims to supplement his original § 2255 Motion. ECF No. 212. The Supreme Court denied *certioriari* on October 1, 2013, meaning that Mr. Manning's judgment became final on that date. Mr. Manning's Amended Motion was filed ten months after the one-year statute of limitations expired. *See* 28 U.S.C. § 2255(f).

#### i. Claim 1: Counsel's Promise to Present Defense Witnesses to Prove Mr. Manning's Innocence Regarding the Murder Charge

Mr. Manning's first claim in his Amended Memorandum is that his trial counsel erred by promising the jury that he would present exculpatory evidence and then failing to do so. Mr. Manning claims that his attorney promised the jury that he would present witnesses who would testify to the fact that Mr. Manning did not commit the murder for which he was charged. Because these witnesses were not presented at trial, Mr. Manning claims that the jury was prejudiced against him. ECF No. 212.

Federal Rule of Civil Procedure 15(c) applies to the question of whether the Court may consider this claim, when it was raised outside the one-year limitation period starting on October 1, 2013. *See United States v. Brown*, 596 Fed. App'x 209, 210-11 (4th Cir. 2015) ("Because the Rules Governing Section 2255 Proceedings provide no procedure for amending a § 2255 motion, we apply Rule 15 of the Federal Rules of Civil Procedure in assessing a movant's effort to

amend."). Under Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Denial of a motion to amend a pleading is reviewed for abuse of discretion, "which mandates a significant measure of appellate deference to the judgment calls of trial courts." *United States v. Pittman*, 209 F.3d 314, 316 (4th Cir. 2000) (citing *Sandcrest Outpatient Servs. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1140 (4th Cir. 1988)).

Mr. Manning's first claim in the Amended Memorandum does not "relate back" to the original ineffective assistance of counsel claim as required by Rule 15(c), because it "arise[s] from separate occurrences of both time and type." *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). In *Pittman*, the court further stated that "[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for the purposes of Rule 15(c)." *Id*.

Mr. Manning's first claim in the Amended Memorandum concerns the conduct of his trial attorney, Mr. Lawrence Hunter Woodward. However, his original ineffective assistance of counsel claims contained in the § 2255 Motion concern the conduct of another attorney, Mr. Jon Babineau, during the pretrial stages of the litigation.[2] Mr. Manning's first claim in the Amended Memorandum also concerns ineffective assistance of counsel, but it "arises out of wholly different conduct" committed by a different attorney. *See Pittman*, 209 F.3d at 318. Mr. Manning's ineffective assistance of counsel claim contained in the Amended Memorandum does not "relate back" to the timely filed § 2255 Motion, and is time-barred.

---

[2] In his original § 2255 Motion, Mr. Manning made two claims of ineffective assistance of counsel against Mr. Babineau: (1) that Mr. Babineau failed to negotiate a favorable plea agreement that would have avoided a life sentence, and (2) that Mr. Babineau provided ineffective assistance of counsel by filing a pretrial motion seeking additional peremptory challenges during *voir dire* in exchange for Mr. Manning's silence concerning his acquittal for murder in state court.

This Court notes that courts in other circuits have applied Rule 15(c) and denied leave to amend under similar circumstances. *See United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999) (finding that the defendant's proposed amendment alleging that counsel failed to file an appeal as instructed did not relate back to the timely filed § 2255 motion alleging ineffective assistance of counsel for failure to pursue a downward departure and for failure to object to the type of drugs at issue); *United States v. Duffus*, 174 F.3d 333, 335 (3d Cir. 1999) (finding that the defendant's amended claim, which alleged that counsel failed to move to suppress evidence, did not relate back to the timely filed § 2255 motion alleging several other ineffective assistance of counsel claims).

### ii. Claim 2: Prosecutor's Improper Remark

Mr. Manning's second claim in the Amended Memorandum is that the prosecutor made improper and prejudicial remarks during his closing argument. Mr. Manning alleges that the prosecutor improperly expressed his personal belief about the credibility of a witness. ECF No. 212.

This claim is also time-barred because it does not "relate back" to any of the claims contained in the original § 2255 Motion. Fed. R. Civ. P. 15(c); *see also United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).

## B. Ineffective Assistance of Counsel

### i. Plea Bargain

In his § 2255 Motion, Mr. Manning claims that his counsel was ineffective for failing to negotiate a plea agreement that would avoid a life sentence. He also claims that he relied on his counsel's advice to his detriment and did not fully understand the consequences of going to trial. ECF No. 206.

Mr. Manning first alleges that his attorney "made absolutely no attempt to negotiate a favorable and reasonable Plea Agreement with the government . . . that would have avoided a life sentence." ECF No. 206 at 17. This allegation is incorrect. In its Response to Mr. Manning's § 2255 Motion, the Government provided a copy of a proposed plea agreement, which Mr. Manning rejected. ECF No. 219, Ex. 1. In the proposed plea agreement, the Government offered to drop the remaining charges if Mr. Manning pled guilty to Count Two of the superseding indictment, which charged him with Murder with a Firearm in Relation to Drug Trafficking and a Crime of Violence, in violation of 18 U.S.C. § 924(j). *Id.* at ¶ 1. The plea agreement also recommended a sentencing range of twenty-five to forty years' imprisonment, subject to the approval of the Court. *Id.* at ¶ 5. The existence of the proposed plea agreement negates Mr. Manning's claim that his attorney failed to negotiate a favorable plea agreement that avoided life imprisonment.

Mr. Manning also claims that his attorney did not fully inform him of the consequences of proceeding to trial. Mr. Manning cites *Lafler v. Cooper*, 132 S. Ct. 136 (2012), which held that prejudice exists when a defendant would have accepted a plea offer absent deficient advice from counsel. The defendant in *Lafler*, who was charged with "assault with intent to murder," rejected the Government's plea offer based on his attorney's erroneous advice that the state would not be able to establish "intent to murder" since the victim was injured below the waist.

In *Lafler*, the defendant's counsel provided legally incorrect advice, which caused the defendant to reject the plea agreement. Mr. Manning, however, does not allege that his attorney gave him erroneous advice. He alleges that his attorney "failed to properly inform [him] of the real consequences of proceeding to trial," that his attorney "believed that he could win the federal trial," and that he "wholly relied on his attorney's advice." ECF No. 206 at 17. Mr.

Manning does not allege specifically that his attorney failed to inform him of the possibility of receiving a life sentence, nor does he allege that his attorney supplied factually or legally incorrect information, as the attorney did in *Lafler*. Mr. Manning's claim on this ground fails.

### ii. Motion for Additional Peremptory Challenges

Mr. Manning also claims that his attorney was constitutionally ineffective for seeking additional peremptory challenges in exchange for Mr. Manning's silence regarding his acquittal in state court on the murder charge. Mr. Manning argues that the federal jury likely would have exonerated him as well, had the jury known of his previous state acquittal of the same crime. ECF No. 206.

This claim fails to satisfy the second prong of the *Strickland* analysis, which requires the petitioner to show that counsel's objectively unreasonable conduct caused prejudice, or a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Bacon v. Lee*, 225 F.3d 470, 489 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 694). Mr. Manning failed to provide any factual or legal support to suggest that the introduction of his prior acquittal would have led to the "reasonable probability" that the outcome of his trial would have been different. Mr. Manning instead argued that he faced a higher risk of prejudice from the jury due to his race and gender (Mr. Manning is an African-American male). ECF No. 206. Mr. Manning failed to demonstrate that racial bias existed in his case, nor did he establish that the introduction of his prior acquittal would likely mitigate the possibility of such bias. Moreover, the Court accepts the Government's contention that it introduced additional evidence at the federal trial that was unavailable at the state trial and thereby "changed the case substantially." ECF No. 219. For all these reasons, counsel's

decision to seek additional challenges in exchange for declining to introduce evidence of the outcome of the state prosecution failed to amount to ineffective assistance of counsel.

C. Error of Court

Relatedly, Mr. Manning claims that the Court erred in granting his attorney's request for additional peremptory challenges in exchange for his silence regarding his prior acquittal. ECF No. 206. This argument also fails.

Mr. Manning's claim regarding the error of the Court is procedurally defaulted because he failed to raise this claim on appeal, and he offers no "cause" or "prejudice" for this failure, as required. *United States v. Frady*, 456 U.S. 152, 167-68 (holding that to obtain collateral relief, a defendant must demonstrate adequate cause for failing to raise the issue and actual prejudice resulting from the error complained of). Moreover, the Government is not bound by state actions, and a district court does not err in excluding evidence of a defendant's prior state acquittal if that evidence is not relevant and does not prove the defendant's innocence. *See United States v. Safari*, 849 F.2d 891, 893 (4th Cir. 1988) (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Mr. Manning's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 205) is **DENIED**. The Clerk is **REQUESTED** to send a copy of this Order to Mr. Manning and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Newport News, Virginia
1·4·2016 2015

9