IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| SAMUEL MANNING, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Crim No. 4:07-cr-81 <br> Civil No. 4:13-cv-00137 |

**MOTION FOR RECONSIDERATION PURSUANT TO
RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES Movant, SAMUEL MANNING ("Manning"), through undersigned counsel, and in support of this motion would show as follows:

**I. JURISDICTION**

Jurisdiction is vested in this Court by Rule 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), which provides:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

See also, *Stevenson v. City of Seat Pleasant*, 743 F.3d 411 (4th Cir.2014); *Brown v. French*, 147 F.3d 307, 310–11 (4th Cir.1998). In light of Rule 59(e), this Court is empowered to correct a clear error of law or prevent manifest injustice as both prongs are supported by the error in this case.

## II. RELEVANT BACKGROUND

On October 3, 2013, Manning timely filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). See Doc. 205.[1]

On August 13, 2014, Manning, through undersigned counsel, filed Movant's Amendment and Corrections to Memorandum of Law in Support of Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (" § 2255 Motion Amendment" ) See Doc. 212.

On January 4, 2016, the Court issued an Order denying Manning's § 2255 Motion and his § 2255 Motion Amendment. See Doc. 227.

## II. GROUND FOR RECONSIDERATION

Whether the Court erred in holding that Manning's § 2255 Motion Amendment was untimely because it did not relate back to his original § 2255 Motion.

## III. DISCUSSION

### The Court Erred in Holding That Manning's § 2255 Motion Amendment Was Untimely Because it Did Not Relate Back to His Original § 2255 Motion.

After he filed his initial *pro se* § 2255 motion, and prior to the government's

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Eastern District of Virginia, Newport News Division, in Criminal Number 4:07-cr-81, which is immediately followed by the Docket Entry Number.

response, Manning moved the Court for leave to grant permission for him to amend his § 2255 Motion pursuant to Rule 15© of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Under Rule 15©, a petitioner may amend a pleading if it relates back to the date of the original pleading and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. See *Wilkins v. Montgomery*, 751 F.3d 214 (4th Cir. 2014).

In its January 4, 2016 Order, this Court held that:

"Mr. Manning's first claim in the Amended Memorandum does not 'relate back' to the original ineffective assistance of counsel claim as required by Rule 15( c) because it 'arise[s] from separate occurrences of both time and type.'"

See Doc. 227 at 5.

Contrary to the Court's holding, Manning's § 2255 Motion Amendment did relate back because he had two attorneys, Jon Babineau ("Babineau") and Hunter Woodward ("Woodward") both representing him from pretrial through trial. In his original *pro se* § 2255 Motion, Manning's ineffective claims named Babineau, but in his § 2255 Motion Amendment, his claims of ineffective assistance of counsel were made against Woodward. Manning's claims relate back equally to both of his attorneys because they were representing him contemporaneously. Therefore, his

claims of ineffective assistance of counsel did not arise from "separate occurrences of both time and type." Both attorneys had the duty to be apprised of what each was doing in support of Manning's defense. Moreover, both attorneys were acting in concert on behalf of Manning at the same time, and his claims relate to the ineffective performance of his defense team during the same time period. Because Woodward and Babineau were Manning's attorneys of record during pretrial, in the plea context of the proceedings, and at trial, the joint conduct of one does relate back to the other. Therefore, Manning asserts that this Court's reasoning that because he named only Babineau in his initial § 2255 Motion, and not Woodward, forecloses his § 2255 Motion Amendment because it did not relate back to the original pleading was error. Manning's Amendment did relate back to the original pleading that counsel was ineffective, no matter which one of his attorneys caused the deprivation, because both were representing him from pre-trial through trial as one.

In summary, the Court erred in denying Manning's § 2255 Motion Amendment for not relating back to his original ***pro se*** § 2255 Motion, because the amendment arose out of the conduct, transaction, and occurrence set out and attempted to be set out in the original pleading, namely the ineffective assistance rendered by his defense team.

## IV. CONCLUSION

For the above and foregoing reasons, this motion should be granted and the Judgment denying Manning's § 2255 Motion and § 2255 Motion Amendment should be vacated for further proceedings. In the alternative, an evidentiary hearing should be held so that Manning may further prove his grounds, resolve facts in dispute between the parties and expand an incomplete record.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **Law Office of D. Craig Hughes** | **Law Office of Michael S. Davis** |
| /s/ D. Craig Hughes | /s/ Michael S. Davis, Esq |
| D. CRAIG HUGHES | Michael S. Davis, Esq |
| TBN: 10211025 | VSB# 45301 |
| 7322 Southwest Freeway, Suite 1100 | 4445 Corporation Ln, Ste. 130-B |
| Houston, Texas 77074 | Virginia Beach, Virginia 23462 |
| TEL - 713-535-0683 | TEL - 757/721-6453 |
| FAX - 713-981-3805 | FAX - 757/721-6459 |
| dcraighughes@msn.com | michaelsdavislaw@gmail.com |
| Counsel for Petitioner | Local Counsel for the Defendant |
| Samuel Manning | Samuel Manning |

## V. CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, a true and correct copy of the above and foregoing Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure was electronically filed and served on Assistant U. S. Attorney Eric M. Hurt, and Assistant U. S. Attorney Brian Samuels at their email addresses of record.

/s/ Michael S. Davis, Esq
Michael S. Davis, Esq